**ACME FINISHING CO., Inc., a Corporation of the State of New York,**

v.

**ROBERTSON BROTHERS, INC., a Corporation of the State of New Jersey and A. W. Robertson, Appellants.**

No. 15069.

United States Court of Appeals Third Circuit.

Argued March 17, 1965.

Decided April 8, 1965.

Donald M. Waesche, Englewood, N. J. (William V. Breslin, Englewood, N. J., on the brief), for appellants.

John T. Dolan and Crummy, Gibbons & O'Neill, Newark, N. J., for appellee.

Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

This case was tried to the court. There is ample evidence in the trial record before us fully justifying the district court's decision that the defendants by

means of their fraud and deceit sold the type gathering machine involved to the plaintiff.

■ Specifically, there was substantial trial evidence that defendants, knowing their machine to be a second hand 12″ x 16″, orally and in writing misrepresented it to the plaintiff as a second hand 9″ x 12″ with the intention that plaintiff rely on such statement; that plaintiff was solely interested in purchasing a 9″ x 12″ machine to defendants' knowledge; that plaintiff, not knowing or having reason to know that defendants' said representations were false, reasonably relied on them in its purchase of said machine from defendants; that said misrepresentations were most material; that the Sheridan Company, which had manufactured the machine, was employed by plaintiff to adjust the machine, if possible, to plaintiff's needs; that the Sheridan Company later advised plaintiff that it believed the machine was a 12″ x 16″; that plaintiff passed that information to defendants who assured it that the Sheridan information was incorrect and had described the machine as a 12″ x 16″ only because that company was interested in selling new machines; that plaintiff accepted defendants' explanation and their suggestion of a particular expert to adjust the machine; that finally, when the machine still failed to function properly and plaintiff was again advised by the manufacturer that the machine was a 12″ x 16″, plaintiff notified defendants that they had misled it and stopped further installment payments.

■ The court in granting plaintiff recision of the contract, found in favor of the plaintiff and against the defendants for that part of the purchase price plaintiff had paid defendants and for plaintiff's actual shipping costs and the amounts it had expended for various repair and attempted adjustment work to the machine plus interest on said sums.

The judgment of the district court will be affirmed on the opinion of Judge Coolahan in that court.